**FILED**

AUG - 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

COMPLAINT

MAURICE PITTMAN
PLAINTIFF
#01351-025
POB 150160
ATLANTA, GA.
VS    30315

Case: 1:08-cv-01382
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/8/2008
Description: Pro Se Gen. Civil



DIRECTOR OF FEDERAL BUREAU OF PRISON

HARLEY LAPPIN

REGIONAL DIRECTOR FEDERAL BUREAU OF PRISON

SOUTHEAST REGION

RAY HOLT

WARDEN UNITED STATES PENITENTIARY ATLANTA GEORGIA

LOREN GRAYER

ASSOCIATE WARDEN'S ATLANTA,GEORGIA

ROMERO

VASQUAREZ

FOOD SERVICE ADMINISTRATOR

HATHER

FOOD SERVICE FOREMAN

H.BUTLER

IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

DEFENDANTS E.T. AL

**RECEIVED**

JUL 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CIVIL RIGHTS COMPLAINT WITH JURY TRIAL DEMAND

This, 1983 action filed by plaintiff named,alleging violations of safety procedures and lost of body parts, because of those violations. Plaintiff seeks declaratory judgement,punitive damages, and injunctive relief; Payment for court cost for attorney fee's with a jury trial demand.

## JURISDICTION

This is a civil rights action under 42 U.S.C. 1983. This court has jurisdiction under 28 U.S.C. 1343,plaintiff also invokes the pendent jurisdiction of this court.

## PARTIES

1). Plaintiff named in this action is presently being held at United States Penitentiary Atlanta,Ga.

2). Defendant Harley Lappin is the Director of the Federal Bureau of Prison's,He is responsible for the operations and management of all federal prison's, under the Federal Bureau of Prison's. He is ultimatley responsible for his assistants who are regional director's in the federal bureau of prison. He is sued in his individual and official capacities.

3). Ray Holt is the Regional Director for the Southeast region of the Federal Bureau of Prison's. He is an agent of defendant, Director of the Federal Bureau of Prisons. He is sued in his individual and official capacities.

(1)

4). Loren Grayer, is the Warden in Atlanta,United States Penitentiary
which is a prison under the Federal Bureau of Prisons, in the
Southeast region. He is an agent of defendant's Lappin and Holt.
He is sued in his individual and official capacities.


5). Romero, is and Associate Warden at United States Penitentiary
Atlanta,Georgia. He is an agent of defendant's Lappin,Holt,and
Grayer. He is sued in his individual and official capacities.


6). Vasquarez, is an Associate Warden at United States Penitentiary
Atlanta,Georgia. He is an agent of defendant's Lappin,Holt,
and Grayer. He is sued in his individual and official capacities.


7). H. Butler,is an employee at Federal Penitentiary Atlanta
Georgia, He is assigned to food service,he is an agent of defendant's
Lappin,Holt,Grayer,Romero,and Vasquarez. He is sued in his individual
and official capacities.


8). All defendant's have acted under color of law during all
times relevant to this complaint.


## FACTS

On or about May 29th 2007,while working food service at United
States Penitentiary Atlanta,Georgia; While i was heading to
the rear dock of food service to obtain a safety belt,I was
stopped by food service Foreman H.Butler and ordered to assist
him with securing the trash compactor's shut lid.

---

7).Reference to H. Butler who is no longer employed by the federal
   bureau of prison at Atlanta,Georgia.

I was instructed by food service foreman H.Butler to try to secure the chain on top of the trash compactor from the platform in food service. I was unable to secure the trash compactors chain from the food service platform. Food service foreman H. Butler then instructed me to climb on top of the trash compactor to secure the chain to the trash compactors lid. As the lid was secured my fingers were caught in the chains links as a result the tips of my 3rd and 4th fingers were severed off. Plaintiff filed and administrative tort claim; The number of which is,TRT-SER-2008-01663,said tort claim was denied May 23rd 2008. This 42 U.S.C. 1983 complaint followed.

<u>CLAIMS</u>

<u>FIRST CAUSE OF ACTION</u>

1). The action's of the defendants in the facts of this complaint have caused a permanent irreversible injury,loss of limbs.

2). Plaintiff was denied and deprived of the equal protections provided to all Federal Prisoners for their safety.

<u>SECOND CAUSE OF ACTION</u>

3). The action of the defendants stated in the complaint were and are willfully and intentionally done all in violation of the 8th amendment subjecting to cruel and unusual pains, and physical impairments for the rest of his life.

4). Plaintiff now has trouble sleeping,and has reaccurring nightmares.

## THIRD CAUSE OF ACTION

5). The Constitutuional violations detailed above were only possible for the defendants to perpetrate because of the customs ploicies and practices of the food service department,here at United States penitentiary Atlanta,Georgia.
Where by the Warden failed to instruct,supervise,control and discipline defendant H. Butler in inmate safety.
Lappin,Holt,are equaly responsible as Warden Grayer is there agent as well as Romero and Vasquaze.


6). These failures include (1). Failure to take any steps to control, instruct, or discipline the defendant's and try to provide a safe enviroment with safety equipment to avoid injury. (2). Maintaining an atmosphere and climate where inmates safety is not practiced by staff which encourages staff to ignore safety of inmates.


7). The failure to track notice act upon, or correct faulty unsafe equipment in the prison.


8). The failure to instruct, train or supervise in what constitutes safe equipment.


9).The defendant's all named failed to provide a safe environment to work in which caused this plaintiff to lose the tips of two of his fingers which are irreplaceable.

10). The defendant's conduct in failing to provide safe equipment was extreme and outrageous exceeding all bounds of human decency.

11). Defendant's have inflicted severe emotional distress.

12). As a direct and proximate result of this conduct,of the defendant's,plaintiff is suffering emotional distress,resulting in injury to his mind,body,loss of sleep,mental anguish and nightmares.

13). Please see attached exhibits attached to this complaint showing the trash compactors,and reports of the accident.

<u>RELIEF REQUESTED</u>

Wherefore Plaintiff request that the court grant the following relief:

(A) Issue a declaratory judgement that defendant's violated the constitutional's 8th amendment when they:

(1). Failed to provide safe equipment,which caused plaintiff to lose two of his fingers.

(B) Issue an immediant injunction ordering the defendant's to:

(2) To provide safe equipment to avoid loss limbs while working on the trash compactor.

(C)                  <u>PUNITIVE DAMAGES</u>

(5)

3). Plaintiff,seeks punititive damages in the amount of $.1.5
millons dollars from all named defendants's and further demands
attorney fee's and the cost of this action.


## CONCLUSION

Plaintiff, Maurice Pittman concludes this action by requesting
the court grant him relief in the form that he request,and anyother
relief this court deems just,proper and equitable.


## PRAYER

Wherefore,Plaintiff Maurice Pittman prays the courts grant him
the relief he request in this civil action.




RESPECTFULLY SUBMITTED,

*Maurice Pittman*

MAURICE PITTMAN 01351-025
UNITED STATES PENITENTIARY
P.O.BOX 150160
ATLANTA,GA 30315


(6)



`U.S. Department of Justice

Federal Bureau of Prisons

*Southeast Regional Office*

---

3800 Camp Creek Pkwy., SW., Bldg. 2000
Atlanta, Georgia 30331-6226

**CERTIFIED MAIL**
**7006 2150 0000 9629 5404**

Maurice Pittman
Reg. No. 01351-025
USP Atlanta
P.O. Box 150160
Atlanta, GA 30315

**Re: Administrative Tort Claim Number TRT-SER-2008-01663**

Dear Claimant:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act
(FTCA), Title 28 United States Code (U.S.C.) § 2672, et seq., and the authority granted by Title
28 Code of Federal Regulations (C.F.R.) § 0.172. Section 2672 of the FTCA delegates to each
federal agency the authority to consider, determine and settle any claim for money damages
against the United States for loss of personal property or injury caused by the negligent or
wrongful act or omission of any employee of the agency while acting within the scope of his
office or employment.

You allege that on May 29, 2007, a staff member ordered you to climb on top of the trash
compactor to secure the lid in the open position to prevent the wind from blowing the lid. You
claim you were given this order without the benefit of a ladder or other safety equipment. You
further contend that after you had completed the task, you had to get down without a ladder or
other safety equipment; and as you were doing so, you had to use the chain attached to the side
of the compactor. You allege that as you attempted to lower yourself to the ground, the chain
"tore-off the end digits" of your 3rd and 4th fingers on your right hand. You contend that you now
have a permanent, irreversible injury to your right hand, which is permanently "mamed." You
contend the feelings are "permanently gone and you are unable to play and learn music." You
did not provide any evidence to support your claim. You claim government liability in the
amount of $1.5 million as compensation for alleged personal injury.

We have reviewed your claim along with reports from appropriate staff members. Our
investigation reveals on the date of the alleged incident, you were assigned to the rear dock of
the Food Service area at the United States Penitentiary (USP) in Atlanta, Georgia. On that date,
staff instructed you to secure the trash compactor lid in the open position. Once the task was
completed, as you attempted to descend the top of the trash compactor, you grabbed some chain
link for support prior to dismounting and as you were lowing yourself from the unit, your third
and fourth finger were caught in the chain link, subsequently severing the tip of each finger as
a result of momentum and your body weight. You were immediately escorted to Health Services
for urgent treatment and subsequently transported to the local emergency room for continued
medical treatment.

PITTMAN, Maurice - Reg. No. 01351-025
TRT-SER-2008-01663
Page 2

Based on the above information, it appears your underlying FTCA claim is barred by the Inmate Accident Compensation Act (IAC) as codified in 28 C.F.R. 301 and Title 18, United States Code, Section 4126. The IAC provides for the compensation of federal inmates or their dependents for injuries suffered "in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. 4126(c)(4). Pursuant to 18 U.S.C. 4126 and 28 C.F.R. 301, the IAC is the exclusive means of remedy and compensation for federal inmates who seek damages as a result of work related injuries. The inmate accident compensation system also considers the level of impairment brought by the injury, treatment of the injury, as well as the level of medical treatment received following the injury. Therefore, your alleged injury, is covered by the IAC, not the FTCA. Thus, your FTCA claim is denied. You may contact staff at your current facility for further assistance regarding the IAC.

You are advised that if you are dissatisfied with our determination in this matter, you are afforded six (6) months from the date of mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

Lisa M. Sunderman
Regional Counsel

5/23/08
Date

cc: Warden, USP ATL
    ATTN: FTCA Coordinator

    CLC Leader



**U. S. Department of Justice**

*Memorandum*

United States Penitentiary

Atlanta, Georgia 30315

**Date:**    June 01, 2007

**To:**

**From:**

**Thru:**

**Subject:**    Food Service Inmate Injury,
May 29, 2007

At approximately 3:30 p.m., on May 29, 2007, I was notified by                    , Lieutenant, that a USP Food Service inmate had severed the tip of two fingers on his right hand. I responded to the Health Services Department with a camera to investigate the incident.

Upon arrival, I spoke with                         and was informed that inmate Pittman, #01351-025, had severed the tip of two fingers on his right hand while trying to jump off the trash compactor located at the USP Food Service rear dock area.            stated that at approximately 3:15 p.m. inmate Pittman had climbed onto the trash shoot and accessed the top of the trash compactor in an effort to latch the trash shoot lid in the open position. Upon securing the lid in the open position, inmate Pittman walked to the rear of the trash compactor and placed himself in a squatting position prior to exiting the unit. He then placed his right hand near the top edge and grabbed some chain link for support prior to dismounting. While trying to lower himself from the unit, the inmates third and fourth finger tips were caught in the chain link, subsequently severing the tip of each as a result of momentum and the inmates body weight.            escorted inmate Pittman to the Health Service department for treatment. Upon assessment of the injury in the Urgent Care Room, inmate Pittman was transported by ambulance to a local emergency room.

Based on the information obtained during the investigation, it is concluded the inmate performed an unsafe and unauthorized act                       , by not utilizing fall protection and/or the use of a ladder for descending from the compactor.

If you have any questions concerning this investigation, please advise.

(b)(5)
(b)(7)(c)

**From:**
**To:**
**Date:**          5/29/2007 4:40:12 PM
**Subject:**       Emailing: pittman

The message is ready to be sent with the following file or link attachments:

pittman


Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain
types of file attachments. Check your e-mail security settings to determine how attachments are handled.

(b)(7)(c)

**From:**
**To:**
**Date:**        5/31/2007 9:01:23 AM
**Subject:**     Re: Emailing: pittman


I have interviewed and taken a statement from Inmate Pittman #01351-025. In order to conduct a thorough investigation, I need a more thorough statement from you

**Who**
**What**
**When**
**Where**
**Why**

If at all possible, please complete and forward by COB today, so I can conclude my investigation.

Thank you!




>>>        5/29/2007 4:40 PM >>>
The message is ready to be sent with the following file or link attachments:

pittman


Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments.  Check your e-mail security settings to determine how attachments are handled.


**CC:**


$(b)(7)(c)$

**Mail Envelope Properties**

**Subject:**           Re: Emailing: pittman
**Creation Date**      5/31/2007 9:01:23 AM
**From:**

**Created By:**

| Recipients | Action | Date & Time |
|---|---|---|
| bop.gov | Delivered | 5/31/2007 9:01:23 |
| AM | Opened | 5/31/2007 12:23:16 |
| PM | Opened | 5/31/2007 10:12:19 |
| AM | Replied | 5/31/2007 2:25:59 |
| PM | Deleted | 5/31/2007 2:25:59 |
| PM | Emptied | 5/31/2007 2:47:21 |
| PM | Opened | 5/31/2007 11:48:01 |
| AM | Deleted | 6/4/2007 1:56:09 PM |

**Post Office**

| | Delivered | Route |
|---|---|---|
| | 5/31/2007 9:01:23 AM | bop.gov |

| Files | Size | Date & Time |
|---|---|---|
| MESSAGE | 1625 | 5/31/2007 9:01:23 AM |

**Options**
| | |
|---|---|
| **Auto Delete:** | No |
| **Expiration Date:** | None |
| **Notify Recipients:** | Yes |
| **Priority:** | Standard |
| **ReplyRequested:** | No |
| **Return Notification:** | None |
| **Concealed Subject:** | No |
| **Security:** | Standard |
| **To Be Delivered:** | Immediate |

(b)(2)
(b)(7)(c)



(b)(7)(c)

i - Compact_2.JPG



( b)(7)(c )



(b)(7)(c)



(b)(7)(c)



U.S. Department of Justice

**Federal Bureau of Prisons**

United States Penitentiary

Atlanta, Georgia 30315

June 6, 2007

MEMORANDUM FOR

FROM:                                                            r

SUBJECT:    Inmate Injury Report - **Pittman, Maurice, Register # 01351-025**

We are enclosing the Injury Report for Inmate Maurice Pittman # 01351-025.  Please insert this report in the inmate's central file.

This report covers the injury which occurred to the above-mentioned inmate on May 29, 2007 while he was assigned to the Food Service Work Detail.  The incident happened at 3:15 p.m. and involved the "severing of the third and fourth fingers on the right hand".

Please ensure you review and properly complete the following sections:

(9); (10); (13)

(14)    **(if not already completed by the Safety department)**
(15)    **(ensure you list last safety talk, any safety equipment provided, whether safety equipment was in use & corrective action taken to prevent future occurrence)**

Further, the inmate is entitled to receive 75% of his hourly wages for time away from work as a result of the work related injury, not to include his regular days off.

Please forward to the Safety department upon completion.

Should you have any questions, I may be reached at extension

(b)(7)(c)



UNITED STATES GOVERNMENT
**M E M O R A N D U M**

United States Penitentiary
Atlanta, Georgia 30315

**DATE: May 29, 2007**
   **TO: Safety Office**

**F ROM:** '
**SUBJECT: Inmate M. Pittman 01351-025**


At or about 3:15 PM inmate Pittman # 01351-025 was securing the lid of the compactor on the rear dock because it(lid) would not stay open. After securing the lid, inmate Pittman tried to exit the compactor from the rear when his two middle fingers on his right hand got caught on a chain and they were severed.

( b )( ᛐ )( c )

KPittman, Mauri e  # 01357-025  (different in size by left hand
F/S PM  Rear Dock                    due to injury on inmates writing
                                     Hand.
05-29-07
Approx. 3:15 pm

Was heading to rear dock to obtain a safety belt
And was asked by Mr. Butler to assist him with securing
the trash compactor shoot Lid in the open position.
I was trying to secure the chain to the front of the
Lid while standing on the working platform. ~~The~~ We
were unable to secure the Lid from that position, so
Mr. Butler asked me get on top of the compactor to
secure the chain to the Lid. I climbed onto the railing
and ~~accessed~~ the top of the compactor And secured the
Lid. I could not climb down the front due to ~~nothing~~
the Lid being open and nothing to grab hold of. So I
went to the back of the compactor to jump off
of the unit. I decided it was not good to jump off,
So I seen the chain And thought it would help me
Lower myself to the ground. I knelt down and
grabbed the chain and began to lower myself off of
the compactor. As I tried to let go I knew my two
Fingers were caught in the chain links, and as a result
of momentum And my weight, my body continued going
down, severing the tips of my 3rd + 4th fingers.

~~X   Maur~~
Inmate Signature (Left Hand)   5/31/07
                               DATE

Safety Mgr. Signature          5/31/07
                               DATE

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**FEDERAL BUREAU OF PRISONS**
**INJURY REPORT – INMATE**

Completed by Interviewing Supervisor

| 1. Institution<br>**USP ATLANTA** | 2. Name of Injured<br>**PITTMAN, MAURICE** | 3. Register Number<br>**01351-025** |
|---|---|---|
| 4. Injured's Duty Assignment<br>**F/S BACK DOCK** | 5. Injured's Duty Hours<br>**KITCHEN (A.M.)** | 6. Date and Time of Injury<br>**05/29/07 @ 15:15 p.m.** |
| 7. Where Did Injury Happen (be specific as to location)<br>**Back Dock, Trash Compactor** | | 8. Date and Time Injury Was REPORTED<br>**05/29/07 @ 15:20 p.m.** |

9. In Your Opinion, Was This Injury: (a) ☑ Work Related    ☐ Non Work Related

(b) ☐ Institution  ☐ Industry  ☐ Recreation  ☐ Program or Activity

☐ Other (explain)

| 10. To Whom Was Injury First Reported<br>H. Butler (cusk sup.) | 11. Part of Body Involved (left knee, etc.)<br>**(R) hand 3rd & 4th fingers** | 12. Kind of Injury (burn, cut, etc.)<br>**Avulsion (severing)** |
|---|---|---|

13. Injured's alleged Witnesses to Injury (staff and inmates)

14. Injured's Brief Statement as to How Injury Happened. Include Injured's Recommendation for Prevention. (Continue on additional blank sheets, if necessary.)

## STATEMENT ON FILE

● Injured's Signature and Date:

15. Supervisor's Statement — Must include: a. Last Safety Talk Given, b. Safety Equipment Provided, c. Whether Safety Equipment in Use, d. Whether Proper Guarding Used, e. Corrective Action Taken. (Continue on additional blank sheets, if necessary.)

Last safety Talk may at 07. Emergency Evacuation procedures.

recommend Facilities Install Ladders on sines of Dumpsters

● Supervisor's Signature, Title and Date: FSA 7-13-07

Completed by Safety Manager

| 16. Medical Description of Injury (refer to BP-Adm 78)<br>**(R) hand 2 abraded wounds exposing the terminal phalanx bones of 3rd & 4th fingers.** | 17. This Injury Required:<br>a. ☐ No Medical Attention<br>b. ☐ Minor First Aid<br>c. ☐ Hospitalization — from _____ to _____<br>d. ☑ Work Time Lost — from 5/30/07 to RTW<br>e. ☐ Other (explain) Ensure inmate receives 75% of<br>Total Lost Time Days: base pay excluding days off.<br>compensation should began on the fourth workday after the incident. (First 3 missed workdays are no compens |
|---|---|

18.                                          **COMPUTER CODING**

| Inst. Code | Reg. No. | | Name (Last, First, MI) | | | | |
|---|---|---|---|---|---|---|---|
| Date of Inj. (mo-da-yr) | | Dept. | Area | Machine | | Body Part | Source |
| Haz. Cond. | Haz. Act | Med. Find. | Acc. Type | Acc. (In, Cat) | | Days Lost | Pending |

Distribution - Original-Inmate file<br>Copy-Safety Office<br>Copy-Inmate


Printed on Recycled Paper

USP LVN                                                            BP-140(16)<br>JANUARY 1979

BP-S140.016 **INJURY - LOST _ TIME FOLLOW-UP - PART 2** CDFRM

NAME _Pittman, Maurice_                    REG. NO. _01351-025_

RE: INJURY OF _____
                        Date

1.  (Witnesses Statement) Use Additional Sheets of Plain Paper if Necessary.


RECOMMENDATION FOR PREVENTION _Facilties install Lanrers on the Bumpsters_

_____          _____          _____
Witness Signature              Reg. No. or Title          Date

2.  (Department Head's Statement)

FOLLOW-UP OR CORRECTION ACTION TAKEN _Hase completed._

_____          _FSA_                      _2-12-07_
Department Head                Title                      Date

3.  (Safety Manager's Comments) Upon review of the documentation, it has been determined that the injury an accepted condition warranting compensation. The Facility Mgr. has advised that the ladder will be affixed to the side of the units to prevent future occurrence. 7/7/07

_____                                     _____
Safety Manager                                            Date

4.  (Safety Committee Review-Comments)

_B. Stoner_                                               _7/23/07_
Associate Warden's Signature                              Date

NAME _Pittman, Maurice_                    REG. NO. _01351-025_

RE: INJURY OF _05/29/07_
                        Date

5.  ☑  The Institution Safety Committee has reviewed the report of your injury and is their opinion that your injury was work related. The ladders have been installed on the Trash receptacles in an effort to prevent future occurence.

    ☐  The Institution Safety Committee has reviewed the report of your injury and it is their opinion that your injury was not work related.

The final determination of the work relatedness of this injury is subject to review by the Inmate Accident Compensation Committee upon the filing of a claim for Inmate Accident Compensation due to a physical impairment resulting from the injury.

_____                                     _7/23/07_
Safety Manager                                            Date

Record Copy - Inmate file; Copy - Safety Office; Copy - Inmate
(This form may be replicated via WP)          Replaces BP-140(16), second part, of JAN 79

08-1382
EGS

**JS-44**
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS

Maurice Pittman

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 01351-025

### DEFENDANTS

Harley Lappin, Director BOP, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT

Case: 1:08-cv-01382
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/8/2008
Description: Pro Se Gen. Civil

---

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

- ☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☒ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant

- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  DEMAND $ $1.5 million  Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☐ NO  If yes, please complete related case form.

**DATE** 8/8/08   **SIGNATURE OF ATTORNEY OF RECORD**  NCD

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd